# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 15, 2025

```
* * * * * * * * * * * * * *  *
CHRISTINA K. FEE,             *
                              *
                              *
            Petitioner,       *    No. 19-1979V
                              *
v.                            *    Special Master Young
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
            Respondent.       *
* * * * * * * * * * * * * *  *
```

*Jeffrey A. Golvash*, Golvash & Epstein, LLC, Pittsburgh, PA, for Petitioner
*Rachelle Bishop*, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 13, 2024, Christina Fee ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$90,494.85** for the work of her counsel, Jeffrey Golvash. Pet'r's Application for Interim Attorneys' Fees & Costs ("Fees App.") at 6, ECF No. 51. This amount consists of $66,903.00 in fees and $23,591.85 in costs. *Id.* Petitioner asserted she has not incurred any personal costs related to the prosecution of her petition. Petitioner's Statement at 2, ECF No. 53. On November 21, 2024, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 52. In his response, Respondent stated that he "defers to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

I. **Procedural History**

On December 30, 2019, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] Pet., ECF No. 1. Petitioner then filed medical literature and medical records on December 31, 2019, and January 10, 2020. ECF Nos. 5–6, 8–11.

Respondent filed his Rule 4(c) report on September 17, 2020, arguing against compensation. ECF No. 20. On January 21, 2021, Petitioner filed an expert report from Dr. James DeAngelo and supporting medical literature. ECF Nos. 23–26. On April 29, 2021, Respondent filed an expert report from Dr. You-Wen He and filed supporting medical literature on May 25, 2025. ECF Nos. 28–29. Petitioner filed additional expert reports from Dr. DeAngelo on October 12, 2021, June 9, 2022, and January 13, 2023, and Respondent filed additional expert reports from Dr. He on January 28, 2022, and August 18, 2022. ECF Nos. 32, 35, 37, 39, 42.

Petitioner filed a motion for a Ruling on the Record on June 28, 2024. Pet'r's Mot., ECF No. 46. Respondent filed his response on August 11, 2024, and Petitioner filed her reply on August 26, 2024. ECF Nos 48–49.

Petitioner filed an application for interim attorneys' fees and costs on November 13, 2024. Fees App. Respondent filed his response on November 21, 2024. Resp't's Resp. Petitioner filed her declaration that she had incurred no personal costs on March 6, 2025. ECF No. 53. This matter is now ripe for consideration.

II. **Availability of Interim Attorneys' Fees and Costs**

A. **Good Faith and Reasonable Basis**

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim fees and costs are met.

B. **Justification for an Interim Award**

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for almost six years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner has submitted an itemization of attorney fees, a summary and documentation of costs, and an attorney affidavit. Petitioner's counsel has requested a total of **$90,494.85** in fees and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Fees App. at 6. Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III.   Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.   Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of*

*Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2025 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel, Mr. Golvash: $300.00 per hour for work performed in 2018, $350.00 per hour for work performed in 2019, $400.00 per hour for work performed in 2020 and 2021, and $450.00 per hour for work performed from 2022 to 2024. Petitioner also requests rates between $130.00 and $150.00 per hour for work performed by her counsel's paralegal between 2018 and 2024.

I have reviewed the hourly rates requested by Petitioner for the work of her counsel throughout the duration of this case. The hourly rates requested for Mr. Golvash are consistent with what he has previously been awarded for Vaccine Program work, and I find them to be reasonable for work performed in the instant case. *See, e.g.*, *Sokol v. Sec'y of Health & Hum. Servs.*, 2019 WL 4723836 (Fed. Cl. Spec. Mstr. Aug. 28, 2019; *Volpe v. Sec'y of Health & Hum. Servs.*, 2022 WL 2814845 (Fed. Cl. Spec. Mstr. June 22, 2022); *Smilo v. Sec'y of Health & Hum. Servs.*, 2023 WL 5199662 (Fed. Cl. Spec. Mstr. July 20, 2023).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to interim attorneys' fees in the amount of $66,903.00.

### C. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y of Health & Hum. Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Hum. Servs.*, No. 90-208V, 1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by petitioners in the Vaccine Program will only be compensated at a reasonable hourly rate, and petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Smith v. Sec'y of Health & Hum. Servs.*, No. 18-0043V, 2020 WL 1243238, at *9 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). When petitioners fail to substantiate a cost item, such as by

---

[3] The OSM Fee Schedules are available at: https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests a total of $23,591.85 in attorneys' costs. This amount is comprised of acquisition of medical records and printing/copy fees. *See* Fees App., Tab 1 at 6–7. The amount also includes fees for expert services provided by Dr. James DeAngelo, totaling $20,300.00. *Id.* These costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.

## IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I award Petitioner the following in interim attorneys' fees and costs:

**For Jeffrey A. Golvash at Golvash & Epstein, LLC**

| | |
|---|---|
| Interim Attorneys' Fees Requested | $66,903.00 |
| (Reduction) | -$0 |
| **Interim Attorneys' Fees Awarded** | **$66,903.00** |
| | |
| Interim Costs Requested | $23,591.85 |
| (Reduction) | -$0 |
| **Interim Costs Awarded** | **$23,591.85** |
| **Total Amount Awarded** | **$90,494.85** |

**Accordingly, I award a lump sum in the amount of $90,494.85, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young<br>
Herbrina D.S. Young<br>
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.